IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

No. 24-4102

―――――――――

UNITED STATES OF AMERICA,

*Appellant*,

v.

CONOR BRIAN FITZPATRICK,

*Appellee.*

―――――――――

Appeal from the United States District Court
for the Eastern District of Virginia
at Alexandria
*The Honorable Leonie M. Brinkema, District Judge*

―――――――――

REPLY BRIEF OF THE UNITED STATES

―――――――――

Jessica D. Aber
United States Attorney

Joseph Attias
Jacqueline R. Bechara
Lauren Pomerantz Halper
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Aarash A. Haghighat
Senior Counsel
Computer Crime and
Intellectual Property Section
U.S. Department of Justice
1301 New York Avenue, NW
Washington, DC 20530

*Attorneys for the United States of America*

**Table of Contents**

Page

Table of Authorities ................................................................................ ii

Argument ................................................................................................1

Fitzpatrick's 17-day time served sentence is substantively unreasonable ................1

    A.    The district court erred in focusing excessively on Fitzpatrick's mental health condition to the exclusion of other relevant sentencing factors. ................................................................2

    B.    The district court's unsupported conclusions about Fitzpatrick's mental health condition provide an alternative basis for vacatur. ........9

Conclusion ...........................................................................................17

Certificate of Compliance .....................................................................19

# Table of Authorities

## Cases

*A Helping Hand, LLC v. Baltimore Cnty.*, 515 F.3d 356 (4th Cir. 2008) ..................................................................................... 2

*Gall v. United States*, 552 U.S. 38 (2007) ............................................... 14

*Holguin-Hernandez v. United States*, 589 U.S. 169 (2020) ................... 15

*Rita v. United States*, 551 U.S. 338 (2007) ............................................. 14

*United States v. Abed*, 3 F.4th 104 (4th Cir. 2021) .................................. 8

*United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008) ...................... 9, 14

*United States v. Boyd*, 5 F.4th 550 (4th Cir. 2021) ................................. 10

*United States v. Clawson*, 650 F.3d 530 (4th Cir. 2011) ........................ 12

*United States v. Engle*, 592 F.3d 495 (4th Cir. 2010) ..................... *passim*

*United States v. George*, No. 19-4841,
    2021 WL 5505404 (4th Cir. 2021) ..................................... *passim*

*United States v. Hampton*, 441 F.3d 284 (4th Cir. 2006) .......................... 4

*United States v. Hargrove*, 625 F.3d 170 (4th Cir. 2010) ....................... 10

*United States v. Howard*, 773 F.3d 519 (4th Cir. 2014) ................... 4, 9, 17

*United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006) ...................... 14

*United States v. Olano*, 507 U.S. 725 (1993) .................................. 10, 13

*United States v. Perkins*, 108 F.3d 512 (4th Cir. 1997) ..................... 12-14

*United States v. Pettus*, 90 F.4th 282 (4th Cir. 2024) ............................. 15

*United States v. Provance*, 944 F.3d 213 (4th Cir. 2019) ....................... 14

*United States v. Ressam*, 679 F.3d 1069 (9th Cir. 2012) .......................... 9

*United States v. Sueiro*, 59 F.4th 132 (4th Cir. 2023) .............................. 8

*United States v. Walgreen Co.*, 78 F.4th 87 (4th Cir. 2023) .................... 14

*United States v. Webb*, 965 F.3d 262 (4th Cir. 2020) ............................... 5

*United States v. Withers*, 100 F.3d 1142 (4th Cir. 1996) .......................... 8

*United States v. Zuk*, 874 F.3d 398 (4th Cir. 2017) ....................... *passim*

**Statutes**

18 U.S.C. § 3553(a) ................................................................15

18 U.S.C. § 3553(a)(6)..............................................................8

**Guidelines**

U.S.S.G. § 5H1.1............................................................. *passim*

U.S.S.G. § 5H1.3...................................................................3

**Rules**

Fed. R. App. P. 28(a)(8)(A) .……..……………………………………………...2

# Argument

## Fitzpatrick's 17-day time served sentence is substantively unreasonable.

The government's opening brief detailed at least two ways in which the district court substantively erred by sentencing Fitzpatrick to a 17-day time served sentence. *See* Gov't. Br. 30-58. *First*, in reliance on this Court's decision in *United States v. Zuk*, 874 F.3d 398 (4th Cir. 2017), as well as other precedents, the government argued that the district court's sentence was substantively unreasonable because it gave excessive weight to Fitzpatrick's mental health condition to the exclusion of every other relevant sentencing factor. *See* Gov't. Br. 30-53. As the government explained, "[t]he Court can vacate the sentence as substantively unreasonable based on *Zuk* alone." *Id.* 53; *see also id.* 32 (same). *Second*, the government argued that the record of Fitzpatrick's mental health conditions failed to support the district court's speculative conclusions that he would be a "disaster" in "general population" and "ravaged in a prison setting where he would never get the mental health treatment that he needs[.]" JA174–JA175; Gov't. Br. 53-58. These conclusions also "provide an *additional basis* for reversal." Gov't. Br. 58 (emphasis added).

As detailed below, Fitzpatrick fails to meaningfully dispute the district court's *Zuk* error, or identify evidence in the record to support the district court's foundationless conclusions about BOP's capacity to manage him. Instead,

Fitzpatrick relies only on Guidelines and preservation arguments that are misplaced and fail on their own terms.[1]

### A. The district court erred in focusing excessively on Fitzpatrick's mental health condition to the exclusion of other relevant sentencing factors.

Fitzpatrick does not meaningfully dispute that the district court relied exclusively on his mental health in reaching its dramatic variance. *See* Def. Br. 24-28. Nor could he, as the district court said so itself. *See* JA175 ("that is why I'm imposing such an extensively variant sentence."). Instead, Fitzpatrick attempts to defend the district court's sentence by heavily relying on the United States Sentencing Commission's post-sentencing approval of an amendment to the Guidelines that will allow courts sentencing defendants after November 1, 2024 to consider youthfulness as a factor in support of a downward departure and a non-incarceratory sentence. *See* Def. Br. 22, 25, 27 (citing U.S.S.G. § 5H1.1); *see also id*. 5-6 (same), 22-23 (same). In Fitzpatrick's view, the Sentencing Commission's forthcoming amendment "supports the district [court's] chosen sentence[.]" Def. Br. 22. This claim fails for multiple reasons.

---

[1] The non-Argument sections of Fitzpatrick's brief contain several claims and arguments. The government, however, only responds to the arguments made in the actual Argument section of Fitzpatrick's brief. *See A Helping Hand, LLC v. Baltimore Cnty.*, 515 F.3d 356, 369 (4th Cir. 2008) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.") (internal quotation marks omitted); Fed. R. App. P. 28(a)(8)(A).

*First*, the Sentencing Commission's new amendment under § 5H1.1 did not exist at the time of sentencing and therefore cannot prove the correctness (or incorrectness) of the district court's sentence. This Court must review the district court's decision based on the legal landscape that existed at the time. And at the time the district court issued its 17-day sentence, the Sentencing Commission's amendments to § 5H1.1 had not taken effect.

*Second*, at the time of Fitzpatrick's sentencing, the Sentencing Guidelines already had policy statements expressly allowing the court to consider a defendant's mental health condition and youth. *See* U.S.S.G. §§ 5H1.1, 5H1.3. Yet, the district court ignored the Guidelines and expressly chose to issue an "extensively variant sentence." *See* JA173–JA175. Accordingly, there is no reason to think the future passage of these new amendments made or would have made a difference to the district court's sentence. Simply put, because the district court did not rely on § 5H1.1, it is irrelevant to this appeal.[2]

---

[2] ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████ Neither of these factors were mentioned by the district court. Therefore, this Court "may not[] fill in the gap in the district court's sentencing explanation with a 'guess.'" *United States v. Webb*, 965 F.3d 262, 271 (4th Cir. 2020). ████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

*Third*, the forthcoming amendments to § 5H1.1 do not, in fact, help Fitzpatrick because they do not pertain to the mental health issues that drove the district court's variant sentence. Further, the government has never argued that the district court could *not* consider Fitzpatrick's mental health in issuing its sentence. In fact, the government's opening brief specifically explains that "Fitzpatrick's ███ was one relevant factor," but that it "did not justify the court's decision to vary over 99% from the Guideline range." Gov't Br. 28. Moreover, this Court in *Zuk* explained that courts may consider a defendant's mental health condition at sentencing. *See Zuk*, 874 F.3d at 411. However, under *Zuk* and a multitude of this Court's other cases, a district court abuses its discretion by relying exclusively on one factor to the exclusion of other relevant factors. *Zuk*, 874 F.3d at 411–412; *see also United States v. George*, No. 19-4841, 2021 WL 5505404, at *6 (4th Cir. 2021); *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014); *United States v. Engle*, 592 F.3d 495, 504 (4th Cir. 2010); *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006).[3] And as in *Zuk*, "[w]hile it was legitimate for the district court to consider"

---

███████████████████████████████████████████

[3] Fitzpatrick attempts to distinguish these cases on their facts. *See* Def. Br. 26–27. There is no question that the defendants in each of these cases had their own unique characteristics and that the courts in question erred for slightly different reasons. But *Zuk*, *Engle*, *George*, and *Howard* all stand for the proposition that a district court abuses its discretion when it relies excessively on a particular factor "at the expense of a reasoned analysis of other pertinent factors." *Howard*, 773 F.3d at 531. That is exactly what the district court did here.

Fitzpatrick's █████ "a time-served sentence based almost exclusively on" this consideration is unreasonable and inadequately "respond[s] to the needs for punishment, deterrence, and respect for the law," among other factors. *Zuk*, 874 F.3d at 411. It is *this* argument for which Fitzpatrick has little meaningful response. *See* Def. Br. 24-28.

The government's opening brief explained that the district court's sentence fails to account for the seriousness of Fitzpatrick's offenses or provide just punishment for possessing child pornography or creating and operating the largest English language data breach forum of its kind. The district court's time-served sentence is also blind to Fitzpatrick's many victims. Yet Fitzpatrick has no response to this argument.

The government's brief also explained that the district court's sentence fails to afford any specific deterrence or protect the public from further crimes. Fitzpatrick created BreachForums almost immediately after the arrest of the founder of Raidforums. And he did so to create a space for cybercriminals to continue selling stolen data. ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████ easily demonstrate that he had quickly lapsed back into the same behavior that led to his arrest in the first place. The post-conviction violations were so serious that the district court even refused to give the defendant credit for acceptance of responsibility. JA153. Yet, the district court issued a sentence that does nothing to specifically deter him from violating his conditions of supervised release and resuming his illicit activity. Fitzpatrick's brief contains no argument to the contrary.

The same holds true for the district court's treatment of the need to protect the public. The district court returned Fitzpatrick to the very same New York home in which he committed his crimes and repeatedly violated pretrial release. The record is clear that neither Fitzpatrick's parents nor Probation can adequately monitor Fitzpatrick. Even the district court initially acknowledged this fact, stating that Fitzpatrick's pretrial release violations were "a strong indication that he [wa]s not amenable to control within the community." JA163. The district court never reconciled this realization with its time served sentence, and Fitzpatrick has not even attempted to explain how that sentence satisfies the need for public safety.

The government's opening brief further explained that the district court's sentence undermines respect for the law and fails to afford any general deterrence. Fitzpatrick committed two major types of crime. After his arrest and guilty plea,

Fitzpatrick repeatedly flouted court orders and engaged in deception to avoid Probation's gaze. No would-be cybercriminal or child pornographer will be deterred by the district court's sentence. And for the very same reasons, the district court's sentence seriously undermines respect for the law. Again, Fitzpatrick has no response to this argument.

Finally, as to disparities, the government's opening brief explained that the Sentencing Commission considered avoidance of unwarranted disparities among similarly situated defendants in issuing the Guidelines. But here, the district court's 17-day sentence is nowhere near even the low end of the 188- to 235-month Guideline range and substantially unlike the sentences imposed on other defendants convicted of similar offenses. *See* Gov't. Br. 52–53 (citing cases). The district court never addressed this factor, and Fitzpatrick likewise fails to contend with either of these arguments.

Instead, he again references the unrelated provision at U.S.S.G. § 5H1.1. *See* Def. Br. 27. But as already explained, Fitzpatrick was not sentenced under this departure provision, and the portion of the provision he specifically relies on did not exist at the time of sentencing. Fitzpatrick also claims to have proffered to the district court data from the Sentencing Commission's Interactive Data Analyzer "establishing that about 18% of defendants of Fitzpatrick's approximate age received non-custodial sentences for crimes under Section 2B1.1 of the Guidelines,

and two-thirds of them received sentences of custody of less than two-years." Def. Br. 27. Although Fitzpatrick does not provide a record-citation for this claim, he appears to be referencing a portion of his sentencing submission, only there, this data was expressly limited to the Eastern District of Virginia. *See* JA427. To the extent Fitzpatrick intends to rely on data limited to the Eastern District of Virginia, this Court's precedent does not permit this approach. *See United States v. Sueiro*, 59 F.4th 132, 142 n.3 (4th Cir. 2023) ("When Sueiro presented these regional statistics to the district court, he … attempted to sidestep the nationwide mandate of § 3553(a)(6)"). Moreover, this Court's cases have repeatedly cautioned against the use of unilluminating, context-free sentencing statistics. *See id.*; *United States v. Abed*, 3 F.4th 104, 177 (4th Cir. 2021); *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996). Here, Fitzpatrick cited to statistics that wholly failed to account for defendants' offense levels, the major driver of sentencing trends under the Guidelines. Fitzpatrick has cited no statistical data to support a non-custodial sentence for similarly-aged defendants with offense levels approaching his offense level of 36.

At bottom, Fitzpatrick fails to explain how a 17-day sentence avoids unwarranted disparities when compared to the 188- to 235-month Guideline range or defendants convicted of similar conduct.

As a final point, Fitzpatrick's brief contains numerous references to the discretion possessed by district judges and the deference owed by this Court to decisions made by such judges. *See* Def. Br. 1–2, 20, 22, 24, 28. The government agrees that sentencing courts possess wide discretion. But "inherent in the idea of discretion is the notion that it may, on infrequent occasion, be abused." *Engle*, 592 F.3d at 504 (quoting *United States v. Abu Ali*, 528 F.3d 210, 266 (4th Cir. 2008)). The government also agrees that the abuse of discretion standard is deferential, "but it does not mean anything goes." *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc); *see also George*, No. 19-4841, 2021 WL 5505404, at *5 ("The words 'abuse of discretion' cannot be a legal incantation invoked by appellate courts to dispel meaningful substantive review of a district court's sentence.") (citation omitted). If "anything goes" were the standard, then this Court would have affirmed the sentences in *Zuk*, *Engle*, *George*, *Howard*, and *Abu Ali*. Here, the district court committed unmistakable *Zuk* error. That error—on its own—is sufficient for this Court to vacate the sentence.

## B.    The district court's unsupported conclusions about Fitzpatrick's mental health condition provide an alternative basis for vacatur.

The government's second argument on appeal pertains to the district court's decision to impose a time-served sentence based on its conclusions that placing Fitzpatrick in "general population" would be a "disaster" and that he would be

"ravaged in a prison setting where he would never get the mental health treatment that he needs[.]" JA174–JA175; Gov't. Br. 53-58. Because these conclusions are speculative and unsupported by the record, they "provide an additional basis for reversal." Gov't. Br. 58.

Fitzpatrick first argues that the government waived its challenge to these conclusions. *See* Def. Br. 21, 23. But Fitzpatrick is mistaken. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Here, the government did no such thing. Fitzpatrick also repeatedly states that the district court "invited" the government to address its concerns. *See* Def. Br. 20, 23. Again, this is incorrect. The district court did not ask the government a single question before reaching its far-reaching conclusion about the Bureau of Prisons' (BOP) abilities. To the extent Fitzpatrick relies on the district court's concluding, post-decision question, "Is there anything further" (JA180), the government's response does not amount to a waiver. *See United States v. Boyd*, 5 F.4th 550, 555 (4th Cir. 2021) ("Responding 'no' to a general, 'anything else'-style question at the end of a hearing satisfies none of these conditions.").

Next, relying on *United States v. Hargrove*, 625 F.3d 170 (4th Cir. 2010), Fitzpatrick suggests that plain error review applies. *See* Def. Br. 3, 21, 23. But *Hargrove* applies where a party challenges a district court's reliance on an improper

factor at sentencing, there, the defendant's decision to exercise his right to a trial. *See Hargrove*, 625 F.3d at 184. The government has never argued that the district court was barred from considering his mental health condition. As noted above, this Court's decision in *Zuk* expressly permits it. *See Zuk*, 874 F.3d at 411. Nor has the government ever disputed Fitzpatrick's ▮▮▮▮ diagnosis.[4]

Instead, the government maintains that the district court's unsubstantiated conclusions about BOP's ability to provide adequate care for Fitzpatrick failed to justify the sentence imposed. *See* Gov't Br. 53–58. Fitzpatrick argues that the government, after receiving his psychological evaluations, failed to "contest[] the evaluators' conclusions." Def. Br. 21. But again, that assertion misses the point. At best, as explained in the government's opening brief (Gov't. Br. 57 n.17), Fitzpatrick's experts claimed that "[a]vailability and adequacy of support services for individuals with ▮▮▮▮ *can vary in correctional facilities*." JA448. The district court, however, without citing a single source, went one step further, declaring the BOP categorically incapable of housing an inmate with ▮▮▮▮ JA174–JA175. Among others, it is this conclusion—that Fitzpatrick "would never get the mental health treatment that he needs" (JA174)—that the government challenges on appeal.

---

[4] For this reason, Fitzpatrick's criticism (Def. Br. 18) that "[t]he government did not seek to conduct its own evaluation" misses the point.

But even if, as Fitzpatrick suggests, plain error review applies, the government could still satisfy that standard. As explained above, the district court justified the sentence based on foundationless factual findings. Additionally, the court made those case-dispositive findings with little warning. Had the government known that the BOP's capabilities were to become the sole justification for a dramatic downward variance, it would have been prepared to rebut the district court's conclusion. *See United States v. Perkins*, 108 F.3d 512, 516 (4th Cir. 1997) ("We are troubled by the idea that the Government's failure to offer immediate opposition to the unwarranted departure should be deemed a waiver when there was no notice that a departure might be granted on the grounds stated by the district court").[5]

Thus, even if plain error review applied, the sentence would still be substantively unreasonable because the district court's conclusion that Fitzpatrick "would never get the mental health treatment that he needs" (JA174), lacks any support in the record. *See Engle*, 592 F.3d at 503 n.2. Notably, other than directing the Court to online articles, Fitzpatrick cites nothing in the record to support the district court's sweeping conclusion about the BOP's abilities. Even on a developed

---

[5] In informing defense counsel at the beginning of sentencing that he should have provided the two psychological evaluations to the Probation Office, the district court even signaled that Fitzpatrick would receive at least some period of incarceration in the BOP. *See* JA153 ("those should have been provided to the probation office. So I am directing that Exhibits B and C be made part of the presentence report, *because the Bureau of Prisons will need that*.") (emphasis added).

record, this Court has previously reversed this same district court for its exaggerated conclusions concerning BOP's ability to handle mental health issues. *See United States v. Clawson*, 650 F.3d 530, 537–539 (4th Cir. 2011).

The government can also demonstrate an effect on substantial rights given that the district court's sentence was admittedly (JA175) driven by its view of Fitzpatrick's ability to survive within the BOP. *See Perkins*, 108 F.3d at 517 ("Under *Olano*, the government can demonstrate an effect on substantial rights if the plain error prejudiced the outcome of the proceedings."). Given the windfall Fitzpatrick received, the district court's error also seriously affects the fairness, integrity, and public reputation of judicial proceedings. *Id*. ("The bestowing of a windfall sentence reduction on an undeserving crack dealer also seriously affects the fairness, integrity, and public reputation of judicial proceedings.").

In any event, the government's purported failure to rebut the district court's view of BOP's capabilities has no bearing on the court's preliminary conclusion that although Fitzpatrick "has been in custody for two weeks, and he has survived," that fact was explainable "only because he's in a local jail and he's in a mental health unit. He's not in general population." JA174. That speculative conclusion could not have been based on Fitzpatrick's expert evaluations and there is nothing in the record from which the district court could have reached any sort of conclusion about the local detention facility within which Fitzpatrick was held, let alone how it would

13

differ from a BOP facility. So too, the district court's conclusion that Fitzpatrick would be "ravaged" in prison lacks any record support. *See* JA174. Other than pressing his preservation point, Fitzpatrick does not defend—or even mention— these two conclusions, both of which are plainly erroneous and merit vacatur of the sentence. *See Perkins*, 108 F.3d at 517–518.

Even assuming the government failed to preserve its challenges to the district court's findings, this Court should nonetheless consider them. This Court has "inherent discretion to consider issues that weren't properly preserved." *United States v. Walgreen Co.*, 78 F.4th 87, 95 (4th Cir. 2023). The Court should exercise that discretion here given the background principles that animate this Court's review of sentences. As explained in the government's opening brief, when a district court imposes a "substantial" variance, this Court "must more carefully scrutinize the reasoning offered by the district court in support of the sentence." *United States v. Provance*, 944 F.3d 213, 219–20 (4th Cir. 2019) (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled in part on other grounds by Rita v. United States*, 551 U.S. 338 (2007)). "And '[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.'" *Id*. at 220 (quoting *Moreland*, 437 F.3d at 434); *see also Abu Ali*, 528 F.3d at 261 ("'a major departure should be supported by a more significant justification than a minor one.'" (quoting *Gall v. United States*, 552 U.S. 38 (2007)). Given the

dispositive nature of the district court's conclusions about Fitzpatrick's mental health and the BOP's abilities, the Court should exercise its discretion and vacate the sentence based on this additional substantive error. *See Perkins*, 108 F.3d at 517.

*    *    *

Ultimately, however, the Court need not address the district court's factual findings. The government preserved its challenge to the substantive reasonableness of the district court's 17-day sentence by requesting a 188-month sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020). Fitzpatrick provides no argument to the contrary. As explained above, and in the government's opening brief, "[t]he Court can vacate the sentence as substantively unreasonable based on *Zuk* alone." Gov't. Br. 53; *see also id*. 32 (same). The district court's factual conclusions, though wrong, merely "provide an additional basis for reversal." Gov't. Br. 58. Should this Court remand based on the district court's *Zuk* error, any questions concerning BOP's capabilities can be addressed at a resentencing.

Fitzpatrick urges the Court, in the event it does not affirm, "to remand the case to assure the procedural reasonableness of the sentence." Def. Br. 29. To be clear, the government challenges only the substantive reasonableness, not the procedural reasonableness, of the sentence. But even if the Court identifies procedural error, it should nonetheless address the district court's *Zuk* error. Notably, Fitzpatrick does not identify any factor under 18 U.S.C. § 3553(a) justifying the district court's

sentence other than his ████. *Cf.* Def. Br. 20–28. And this Court has discretion to address issues "likely [to] arise on remand." *United States v. Pettus*, 90 F.4th 282, 287 (4th Cir. 2024). This Court has applied this principle in government appeals challenging the substantive reasonableness of a district court's sentence, even where the Court identifies a preliminary procedural error.

For example, in *Engle*, this Court, on the government's affirmative appeal, found a preliminary procedural error but nonetheless continued to address the substantive reasonableness of the district court's sentence, explaining that "we believe it proper to address a substantive aspect of the district court's sentence that may arise on remand—the court's near-exclusive focus on Engle's financial ability to pay restitution." *Engle*, 592 F.3d at 504. After doing so, the Court agreed with the government, concluding "that the sentence imposed by the district court was substantively unreasonable because the sentencing decision was driven solely by Engle's ability to pay restitution." *Id.* at 505.

The Court took the same approach in *George*, another government appeal, explaining that "[t]his Court has, however, reviewed a sentence for substantive reasonableness even after finding procedural deficiencies, and here we will conduct a substantive reasonableness analysis to address issues that may arise on remand." *George*, 2021 WL 5505404, at *5 (citing *Engle*, 592 F.3d at 504). After conducting this analysis, the Court concluded that the district court's sentence was substantively

unreasonable, in part, because it "gave excessive weight" to post-conviction consequences the defendant would suffer. *Id*. at \*6.

The Court should take the same approach here. If the Court concludes that the district court procedurally erred, it should still address the substantive reasonableness of the sentence as this issue will likely recur on remand. *See Engle*, 592 F.3d at 504; *George*, No. 19-4841, 2021 WL 5505404, at \*5. The district court focused exclusively on Fitzpatrick's mental health at sentencing, and it did so "at the expense of a reasoned analysis of other pertinent factors." *Howard*, 773 F.3d at 531. It therefore stands to reason that the district court will find this factor just as important in any remand proceeding. The Court should therefore apply its clear precedent in *Zuk*, *Engle*, *Howard*, and *George* and hold that the district court's 17-day time served sentence is substantively unreasonable.

## Conclusion

For the reasons explained here, and in the government's opening brief, the Court should vacate the district court's 17-day sentence.

Respectfully submitted,

Jessica D. Aber
United States Attorney


_____ /s/ _____
Joseph Attias
Jacqueline R. Bechara
Lauren Pomerantz Halper
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Aarash A. Haghighat
Senior Counsel
Computer Crime and
Intellectual Property Section
U.S. Department of Justice
1301 New York Avenue, NW
Washington, DC 20530

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this brief does not exceed 6,500 words (and is specifically 4,107 words) as counted by Microsoft Word, excluding the table of contents, table of authorities, this certificate, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.


_____/s/_____
Joseph Attias
Assistant United States Attorney